## IN THE MATTER OF NORMAN H. SAMUELS, A MEMBER OF THE BAR OF THE STATE OF NEW JERSEY.

Argued October 3, 1960—Decided October 24, 1960.

*Mr. Abram A. Lebson* argued the cause on behalf of the Ethics Committee of Bergen County.

*Mr. Norman H. Samuels* argued the cause *pro se*.

PER CURIAM. The Ethics Committee of Bergen County filed a presentment against respondent as the result of a finding of guilt of unethical and improper conduct. Following argument, the matter was submitted for our consideration.

Respondent has been admitted to the bar since January 1930. A number of years ago he ceased actively practicing law and went into industry. In 1952 or 1953, although continuing his regular business pursuits, he resumed practice from his home on a part time basis.

In July 1956 a gas explosion occurred in the home of Martin S. Silverberg in Fair Lawn, New Jersey, resulting in some property damages. Respondent was retained on a contingent fee basis to handle the claim against the allegedly responsible utility company. Apparently a settlement offer of $100 or $150 had been made to Mr. Silverberg prior to the retainer and the fee arrangement related to any sum recovered in excess of the offer. No specific evidence was furnished as to the amount of the property damage but $500 would have been an acceptable settlement figure. The record reveals some suggestion of a possible injury claim by Mr. Silverberg's wife's mother. The Committee, however, found that no lawyer-client relationship was ever established with respect to such a claim.

Thereafter, respondent wrote one letter to the utility and engaged in a few telephone conversations with its claim representative. When an adjustment was not accomplished, the client was advised that suit would be instituted. But that course was never taken. During the ensuing three years, in spite of numerous conversations with Mr. Silverberg and his wife to the effect that the action would be begun, and later that it had been filed, nothing was ever done. Finally, the client discovered the true situation through a visit to the court clerk and, after some further unsatisfactory conversations and communications with Samuels, this complaint of unethical practice was lodged with the Committee.

At the hearing respondent admitted his delinquency. He had no explanation for his conduct except that he had been neglectful. It seems obvious that his part time law practice was subordinated to his full time business engagement. The matter illustrates the difficulty of attempting to serve two masters when one of them is a profession which imposes heavy fiduciary responsibilities. Fortunately, the statute of limitations has not run on the claim and Mr. Silverberg indicated to the Committee his intention of engaging another attorney. The fact that the cause of action may still be prosecuted is a mitigating circumstance but it

does not excuse respondent. His contrite attitude in open court and his avowal that such conduct will never be repeated are accepted by us as sincere. But censure is merited and the record may show that he is hereby reprimanded.

*For reprimand*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.