IN THE MATTER OF JAMES LOGAN, JR.,
AN ATTORNEY AT LAW.

Argued November 23, 1976—Decided December 21, 1976.

*Mr. John Lee Madden* argued the cause for the Burlington County Ethics Committee.

*Mr. Martin L. Haines* argued the cause for respondent (*Messrs. Haines, Schulze, Wood and Tapper,* attorneys).

PER CURIAM. On May 13, 1976 this court filed its opinion discharging a disciplinary order to show cause against respondent with respect to one ethical charge and reprimanding him on another. 70 *N. J.* 222. The second charge was identified as the Liddell matter. In that matter the court found that respondent had been responsible for a "misrepresentation to his client", which, together with "his failure to ascertain the facts and his overall carelessness", warranted the limited discipline imposed. *Id.* at 238.

Subsequently the court granted a motion by respondent for a rehearing. We so acted on the basis of an assertion that the record of the proceedings did not justify a finding of misrepresentation by respondent to his client. Having heard argument and reviewed the record, we now conclude that the finding of misrepresentation is not supported by clear and convincing evidence. We therefore withdraw the reprimand so far as it purports to be based on that specific finding of fact.

However, respondent's entire course of conduct in the matter was unprofessional and deserves censure. Respondent knew that a pending motion on Liddell's behalf brought by him for reduction of alimony to Liddell's former wife had been made dependent by the court on an inspection of Liddell's 1971 income tax return. Liddell obtained a copy of the return and took it to respondent's office immediately after the hearing of the motion on March 24, 1972, but respondent refused to give it his attention at that time. Liddell several times thereafter inquired of respondent whether he had filed the return with the court but received only evasive responses and vague promises to take care of the matter. The tax return was sent to the court by respondent only after the judge in June 1972 decided the motion adversely to Liddell. The judge acted on a request by the adversary for disposition of the motion in light of respondent's failure to have submitted the return.

We find respondent's conduct in this matter closely to resemble that of the respondent in *In re Loring*, 62 *N. J.* 336 (1973), where we issued a reprimand for the respondent's failure to file an appeal brief in pursuance of an engagement to prosecute an appeal for a client or to respond to inquiries by the client on the matter. We said (62 *N. J.* at 347):

> While we will not find deliberate failure to file a brief, we conclude that respondent's whole course of conduct in relation to the handling of the appeal and his attitude toward his client merits our strong disapproval. The treatment of his client's inquiries was callous and inexcusable. His handling of the appeal was unprofessional. Had the meritorious issue in the appeal been closer, the appeal could well have been lost as a result.

At the oral argument respondent's counsel conceded that respondent's conduct in this matter had been negligent, but argued that there is no disciplinary rule addressed to mere negligence. Counsel was asked to respond to inquiries by the court as to whether respondent's conduct was not such as to reflect adversely upon the image of the bar in the mind of the public. No satisfactory response was forthcoming.

We find respondent's handling of the Liddell matter to transcend mere negligence. His conduct was grossly short of the requirements of minimally acceptable representation and was such as to reflect adversely on his fitness to practice law. DR1–102(A) (6).

Respondent also complains in his petition for rehearing that because the investigator for the ethics committee also prosecuted the complaint before it and participated in the committee's deliberations leading to a recommendation for discipline he was denied "a fair hearing before a fair tribunal." While we do not agree with respondent's conclusion from the premises he asserts, we have independently arrived at the conclusion that the investigative and prosecutorial functions of a committee should be separated from that of formulating disciplinary recommendations to the court, and that policy will be formally implemented in a revision of the disciplinary rules now in progress.

As to the respondent's case, we find no prejudice. The court is not now approving a recommendation of the ethics committee but making a *de novo* assessment of respondent's conduct on the basis of the record and transcript of hearing before us. *Cf. In re Thompson,* 67 *N. J.* 26, 32–33 (1975).

For the reasons aforestated, respondent is herewith reprimanded.

*For reprimand*—Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD — 6.

*Opposed*—None.