## IN THE MATTER OF RONALD L. HORAN, AN ATTORNEY-AT-LAW.

Submitted October 4, 1978—Decided November 1, 1978.

PER CURIAM. A formal complaint was filed with the Monmouth County Ethics Committee against respondent Ronald L. Horan, a member of the bar of this State, concerning delinquencies arising out of his handling of the Estate of Mary V. Shea. After respondent's answer had

been submitted, the Monmouth County Ethics Committee held a hearing at which the accuracy of substantially all the facts contained in the report of the investigating committee member was stipulated. The committee filed a presentment in which it charged the respondent with unethical conduct in failing to process the estate and to maintain trust account records. In accordance with our new ethics procedure which became effective April 1, 1978, the presentment and the record of all proceedings were forwarded to the Disciplinary Review Board. *R.* 1:20–2(o)(3).

Thereupon, the Disciplinary Review Board promptly heard the matter *de novo* on the full record on notice to all interested parties. *R.* 1:20–3(e). The Board rendered a formal decision which included findings of fact and conclusions and recommended that the respondent be publicly reprimanded, *R.* 1:20–3(e). Its findings and conclusions are as follows:

The Shea Estate matter evolved from a complaint filed by the estate's administratrix charging that respondent, as attorney for the estate, had totally neglected his duties to the estate. Processing of this ethics complaint was thereafter delayed by respondent's failure to cooperate with the member of the Committee assigned to investigate the charges. Formal hearings were not commenced until some fourteen months after receipt of the initial complaint.

The evidence reveals that respondent was retained to represent the estate of Mrs. Shea, shortly after her death on November 6, 1972, and that the estate was one which should have been relatively easy to administer. For no excusable reason the complainant was not appointed Administratrix by the Monmouth County Surrogate until October 23, 1975, almost three years after the death of the decedent. The New Jersey Inheritance Tax Return was not submitted until December 10, 1974, more than two years following the decedent's death. The Federal Estate Tax Return was not prepared until March 8, 1976, almost three and one-half years after the death of the decedent.

For a period of approximately six years dating from the decedent's death, funds of the estate which were on deposit in various financial institutions, remained in those institutions without any effort by respondent to cause the removal of the funds, payment of taxes, and a distribution to the beneficiaries.

The evidence further reveals that although respondent did not engage in a misappropriation of funds, he did not maintain the records required by *R.* 1:21–6, in that he did not keep a ledger book

or similar record for all trustee accounts showing the source of all funds deposited in such accounts, the names of all persons for whom the funds were held, the amount of such funds, the charges or withdrawals from such accounts and the names of all persons to whom such funds were disbursed.

## CONCLUSION AND RECOMMENDATION

Respondent's failure to cooperate with the Ethics Committee in its processing of both matters is well documented by the record. Indeed, the Committee's request to respondent to furnish it with either a formal or informal accounting as to the Shea Estate was not honored by respondent until the day of his appearance before the Board. His conduct in both matters have [sic] resulted in unnecessary and undue delay in the processing of both ethics cases and displays a lack of respect for the Supreme Court's disciplinary structure. Although the respondent cites his own personal embarassment [sic] over the charges as the reason for his lack of cooperation, the Board does not deem this as an excuse for such conduct.

The Board further finds that respondent's conduct in his handling of the Shea Estate constitutes a violation of DR 7–101(A)(2) and DR 9–102.

The Board notes, however, that respondent has taken measures to insure that the estate does not suffer any financial loss due to his derelictions. Respondent has personally paid the estate for the amount of interest payments which the estate was deprived of due to his conduct and has also paid, out of personal funds, income taxes owed by the estate as well as penalty taxes incurred by the estate due to his dilatory handling of the matter. In view of the above and the fact that respondent did not exact a fee for any services performed by him it would appear that the estate has not suffered a loss due to his conduct.

In arriving at a rationale for respondent's apparent neglect of his private law practice, the Board is constrained to consider the fact that respondent is presently the judge of six municipalities in Monmouth County, i. e. Hazlet, Highlands, Keansburg, Keyport, Middletown and Sea Bright. As respondent admits, these judgeships consume the majority of his time, often at the expense of his private practice. It is the Board's opinion that respondent's neglect of his private clients will continue as long as he attempts to combine an almost full-time schedule of municipal judgeships with the private practice of law. It strongly recommends that respondent further restrict his private practice in the future unless his judicial duties are substantially reduced.

In view of the circumstances herein presented, the Board recommends that respondent be publicly reprimanded. Respondent should further be required to reimburse the Administrative Office of the Courts for the actual cost of disbursements for stenographic transcripts in these matters.

We are satisfied from our independent review of the record before the Monmouth County Ethics Committee and the Disciplinary Review Board that the findings and conclusions of the Disciplinary Review Board are correct. We therefore adopt them. Respondent's counsel contended below that the respondent's inordinate delays in handling the estate did not constitute unethical conduct. We consider the respondent's failings here to exceed simple negligence or mere inadvertence. See *In re Samuels*, 33 *N. J.* 321 (1960) ; *In re Logan*, 71 *N. J.* 583, 585–586 (1976). They constitute gross and egregious misconduct which reflects adversely on the public image of the bar. We do note, however, that the respondent frankly admitted to the Disciplinary Review Board the impropriety of his actions, that his attitude is contrite, that he has sharply limited his private practice, and that he now maintains a ledger book covering his trust account. In view of these circumstances and the fact that the estate suffered no loss, we concur in the Board's disciplinary recommendation.

The respondent is hereby reprimanded. The respondent is also ordered to reimburse the Administrative Office of the Courts for the actual cost of disbursements for stenographic transcripts of the proceedings before the Monmouth County Ethics Committee and the Disciplinary Review Board.

*For reprimand*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.