IN THE MATTER OF CHARLES J. GRINCHIS,
AN ATTORNEY AT LAW.

Argued January 10, 1978—Decided March 21, 1978.

*Mr. William R. Holzapfel* argued the cause for the Union County Ethics Committee.

*Mr. Richard A. Mink* argued the cause for respondent.

PER CURIAM. Rolando Valdes (complainant) instituted two ethics complaints against respondent charging the professional mishandling of two automobile accident claims, one of the complainant and the other of his wife. The Union County Ethics Committee found an absence of clear and convincing evidence that respondent ever undertook to handle the wife's claim. We concur.

As to complainant's own claim, arising out of an automobile accident on May 21, 1970, and involving injury and

property damage, the Committee after plenary hearing found as follows. Complainant retained respondent to represent him in the matter. Respondent wrote a claim letter to the alleged tortfeasor and sent complainant to a physician who treated complainant for his injuries for from six weeks to two months. During the succeeding five years respondent did essentially nothing else to prosecute the claim although complainant frequently sought to get him to do so both in person and by mail. These efforts by complainant were more or less ignored by respondent. Ultimately, the statute of limitations expired on the personal injury claim. Complainant retained a new lawyer before the statute ran on the property damage claim. The second lawyer was unsuccessful for months in eliciting any information from respondent concerning the case, but he eventually received a copy of a police report from respondent.

We conclude from an independent examination of the record that the presentment returned by the Committee, incorporating the foregoing findings, is amply warranted, and that respondent's conduct adversely reflects on his fitness to practice law, in violation of DR1–102A(6). See *In re Loring*, 62 *N. J.* 336, 346, 347 (1973).

The Committee also found that respondent was callous and uncooperative with the investigator appointed by the Committee to inquire concerning these matters. Disrespect to an ethics committee agent constitutes disrespect to this Court, as such a committee is an arm of the Court.

For all of the foregoing respondent stands severely reprimanded by the Court.

So ordered.

*For reprimand*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge CONFORD—7.

*Opposed*—None.