IN THE MATTER OF RICHARD L. ROSENTHAL, AN
ATTORNEY AT LAW.

Argued May 4, 1982—Decided June 25, 1982.

*David E. Johnson, Jr.* argued the cause for complainant Disciplinary Review Board (*Colette A. Coolbaugh*, Secretary, attorney).

*Richard L. Rosenthal* argued the cause pro se.

PER CURIAM.

Two clients have brought separate complaints against respondent, Richard Rosenthal, in connection with his handling of their cases. As a result of their complaints, both the District X Ethics Committee and the District XI Ethics Committee brought presentments against him. These presentments concern either neglect of the client's case or failure to communicate with the client.

I

*The Van Dunk Matter*

The first complaint was brought by Elsie Van Dunk to the District X Ethics Committee. She was referred to Rosenthal's office by another attorney following a fall on a sidewalk on October 13, 1974. Rosenthal and another attorney in the same office signed a fee agreement with Ms. Van Dunk in late October. The case was initially handled by the other attorney who filed a complaint in March of 1975 and began an investigation. Rosenthal first became actively involved in the case in April of 1975 in propounding and answering interrogatories. Trial was scheduled for February 4, 1976.

At a settlement conference with the only named defendant on the scheduled trial date, Rosenthal informed his client that defendant had offered $500 to settle the case. He advised against accepting the offer since expenses would absorb the bulk of that amount. He also told Ms. Van Dunk that they should have named several municipal entities as defendants. He recommended dismissal of the complaint without prejudice followed by the filing of a new complaint naming additional defendants. Van Dunk agreed to his recommendation.

Respondent did not contact Ms. Van Dunk from February to July of 1976. When she met with him at his office in July, he informed her that he had determined that neither of the municipal entities could be found liable. He advised her that she would have to bear the expense of expert witnesses if she wished to collect more than the $500 offered by the defendant in the first complaint. She felt that it was the attorney's responsibility to pay such expenses. They did not reach an agreement at that meeting and she indicated that she might contact another attorney.

To avoid the running of the statute of limitations, Rosenthal filed a second complaint against the original defendant on October 6, 1976. However, he failed to effectuate service upon the defendant. Nor did he send a copy of the summons and complaint to defendant's attorney. Rosenthal wrote to defendant's attorney in September, stating that a new complaint had been filed and suggesting that the case be settled on the basis of defendant's previous offer. Defendant rejected Rosenthal's settlement offer.

In November 1977, Rosenthal received notice that the Van Dunk suit was about to be dismissed. He took no action on the notice; nor did he advise Ms. Van Dunk that the suit was about to be dismissed. On December 19, 1977 the suit was dismissed for lack of prosecution. Rosenthal claims that he did not notify Ms. Van Dunk of the impending dismissal because she had indicated sometime in November that she did not wish to proceed with the case. She did not learn that her case had been dismissed until after she had filed her ethics complaint against Rosenthal in the spring of 1979. She finally obtained this information, not from Rosenthal, but from the County Clerk's Office.

The District X Ethics Committee concluded that Rosenthal had violated DR 7–101(A) by failing to keep his client informed of the status of her suit, failing to serve the summons and complaint, failing to oppose dismissal of the case, and failing to investigate the case properly or include the proper defendants.

Upon a review of the whole record, the Disciplinary Review Board concluded that Rosenthal had prejudiced his client's interests, contrary to DR 7–101(A)(3), by failing to advise Ms. Van Dunk that her second suit was about to be dismissed and by failing to notify her when it was in fact dismissed. The Board also concluded that Rosenthal was not responsible for the other problems involved in the case.

## II

### *The Weeks Matter*

Lisa Kim Weeks retained Rosenthal in March of 1976 to represent her in a bankruptcy matter. She arranged with him to complete payment of the $500 fee before the anticipated filing of the bankruptcy petition in October 1976. In January 1977, she advised Rosenthal that her wages were being garnished in the amount of approximately $100 per month. She paid the balance of her fee to him in March of 1977. At that time he informed her that he would file the petition and that the case would be heard by the court in April 1977. He also promised her that he would reimburse her for any garnished wages.

From April until late summer of 1977, Rosenthal evaded his client and cancelled their appointments. During that time Ms. Weeks consulted another attorney who secured Rosenthal's promise to complete the bankruptcy matter. He did nothing. In the fall of 1977, Ms. Weeks retained other counsel who determined that Rosenthal had never filed the petition for bankruptcy. Her new attorney filed the petition and represented her in the matter. Because Rosenthal refused to return to Ms. Weeks the $500 fee, she sued him and obtained a judgment for $1,500, including the $500 fee and $1,000 in garnished wages. At the time of the hearing before the Disciplinary Review Board, more than $1,000 remained due on the judgment.

At the hearing before the District XI Ethics Committee, Rosenthal admitted that he had acted improperly. He gave no

explanation for his conduct. He stated that the delay was caused by inertia and was not accompanied by fraud or misrepresentation. The Committee found that Rosenthal had failed to act competently as required by DR 6–101.

At the hearing before the Disciplinary Review Board, Rosenthal responded to questions by Board members by admitting that he was annoyed with his client. He felt that he was in a moral dilemma because of his personal judgment that she was acting unfairly in seeking to avoid her obligations by bankruptcy. The Disciplinary Review Board concluded that Rosenthal had failed to act because his client's desires conflicted with his personal opinion of her conduct. His failure to represent her zealously violated DR 7–101(A)(1), (2) and (3).

### III

Upon a review of the full record, the Disciplinary Review Board concluded that respondent Rosenthal was guilty of unethical conduct. Our independent review of the record leads us to conclude that the charges are supported by clear and convincing evidence. We also agree with the Board's unanimous recommendation that Rosenthal be publicly reprimanded for his ethical infractions.

The evidence indicates that the problem in the Van Dunk matter was a failure of communication between Rosenthal and his client and a failure to effectuate service of complaint. Nonetheless, he acted improperly in not informing his client that her case was about to be dismissed and that the insurance company now refused to pay $500. Even if a client tells her attorney that she no longer intends to prosecute a claim, the attorney should inform the client of an imminent dismissal. It is always possible for a client to change her mind. Even if such a possibility is remote, clients have a right to be informed of the progress of the case.

The more serious ethical infraction is Rosenthal's failure to act in the bankruptcy matter or to respond to his client's

inquiries. Differences of opinion may of course arise on whether a particular legal claim is fair or just. Attorneys must recognize such conflicts and handle them expeditiously. Rosenthal's failure to face the problem, and his inordinate delay, caused financial prejudice to his client.

The failure to prosecute a claim and to communicate with a client warrants public reprimand. *In re Horan*, 78 *N.J.* 244, 247 (1978); *In re Grinchis*, 75 *N.J.* 495, 496 (1978). Rosenthal's contrition and his admission of wrongdoing are mitigating factors in his favor. *In re Horan*, 78 *N.J.* at 247.

We publicly reprimand Rosenthal for his misconduct. The Court further orders him to reimburse the Administrative Office of the Courts for appropriate administrative costs, including the production of transcripts.

*For reprimand*—Chief Justice WILENTZ, and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—7.

*Opposed*—None.

## ORDER

The Disciplinary Review Board having filed a report with this Court charging RICHARD L. ROSENTHAL of Morris Plains with unprofessional conduct, and good cause appearing;

It is ORDERED that RICHARD L. ROSENTHAL be and hereby is publicly reprimanded and that a permanent record of this reprimand shall be retained in respondent's file; and it is further

ORDERED that RICHARD L. ROSENTHAL reimburse the Administrative Office of the Courts for appropriate administrative costs incurred in this matter, including the production of transcripts.

WITNESS, the Honorable Robert N. Wilentz, Chief Justice, at Trenton, this 25th day of June, 1982.