IN THE MATTER OF STEVEN P. HAFT, AN
ATTORNEY AT LAW.

November 5, 1984.

## ORDER

The Disciplinary Review Board having filed a report recommending that STEVEN P. HAFT of PARSIPPANY be publicly reprimanded for his violations of Disciplinary Rules arising out of his representation for the Office of the Public Defender of a defendant in a criminal appeal and that he be required to reimburse the Office of Attorney Ethics for appropriate administrative costs, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that STEVEN P. HAFT be and hereby is publicly reprimanded for his violation of *DR* 7–101(A)(1), *DR* 7–101(A)(2), *DR* 7–101(A)(3), *DR* 1–102(A)(5), *DR* 1–102(A)(6) and *DR* 1–102(A)(1), which rules were in effect at the time the conduct occurred; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of the matter, be added as a permanent part of the file of said STEVEN P. HAFT as an attorney at law of the State of New Jersey, and it is further

ORDERED that STEVEN P. HAFT reimburse the Office of Attorney Ethics for appropriate administrative costs in this matter.

## APPENDIX

### *Decision and Recommendation of the Disciplinary Review Board*

This matter is before the Board based on a presentment filed by the District X (Morris County) Ethics Committee.

The presentment charges Respondent with violating *DR* 1–102(A)(1), (5) and (6) and *DR* 7–101(A)(1), (2) and (3) by failing to conduct his representation of a criminal defendant in an ethical manner by reason of his failure, refusal or neglect to file required briefs and appendices pursuant to the Rules of Court and pursuant to the directions and orders of the Appellate Division.

Respondent, who was admitted to the Bar in 1974, was associated with a law firm in 1976 when he was assigned by the Office of the Public Defender to prepare an appellate brief on behalf of Ruben S. Rodriguez. Rodriguez had been tried and convicted of murder. He was sentenced on March 12, 1976 to life imprisonment with an additional five to seven year sentence for atrocious assault and battery. His notice of appeal was filed on April 23, 1976. Respondent was assigned to the case on August 24, 1976.

When no brief was timely filed, the Appellate Division on its own motion moved to dismiss the appeal and directed Respondent to appear personally before the panel on June 7, 1977. On the return date, the Court imposed a $50 sanction and directed Respondent to file the brief by June 21, 1977. No brief was filed by this deadline. By Order dated August 30, 1977, the Court imposed a second $50 sanction against Respondent and directed him to file the brief by September 29, 1977.

Again, Respondent failed to file the required brief. The Appellate Division issued an Order to Show Cause on October 31, 1977 directing Respondent to appear personally before the Court on November 9, 1977 to explain why further sanctions should not be imposed for failing to comply with the Court's prior orders. On that return date, the Court imposed a $75 sanction and directed Respondent to file the brief by November 21, 1977. Again, Respondent failed to comply with the Court's directive.

On February 17, 1978, the Court issued an Order to Respondent to appear personally before it on March 20, 1978. Respondent did not appear at that hearing. An attorney appearing for the Office of the Public Defender informed the Court that Respondent had been notified by certified mail, return receipt requested, of the hearing. Respondent did not reply. The Public Defender's secretary had called Respondent's office and left a message for Respondent to appear. The presiding judge of the panel stated for the record that his secretary had sent Respondent a copy of the Order by certified mail and by regular mail, but had not received any communication from Respondent. The Court then ordered the Public Defender to relieve Respondent of this assignment and to assign it to a staff attorney for immediate preparation of the brief. The Court directed that a transcript of the proceedings be prepared and forwarded to the Supreme Court Ethics Committee for action. An Order to this effect was filed on April 13, 1978.

A complaint was filed against Respondent by the Division of Ethics and Professional Services (DEPS). It charged that Respondent violated *DR* 1–102(A)(1), (5) and (6), and *DR* 7–101(A)(1), (2) and (3) by failing to file the brief as directed (Count 1), and violated *DR* 1–102(A)(1), (5) and (6) by failing to advise DEPS of any reason, excuse or justification for his conduct (Count 2). In his answer, Respondent admitted that he had not prepared the brief in 1977. As to the March 20, 1978 Appellate Division hearing, he said he was on vacation in Florida between March 6 and March 14, 1978. He later said the

March 14 date was a typographical error; he returned on March 19. He maintained that his secretary, in his conversations with her during that time, failed to mention either the Court Order or the telephone call directing that he appear at that hearing. She is no longer in his employ. He maintained that he first became aware of the March 20, 1978 hearing when he received a telephone call from the Public Defender's office which was after the date and time scheduled for the hearing. He had earlier stated in a letter to DEPS that he had explained to the Appellate Division in June 1977 that he had "undergone a very emotional period as a result of my mother-in-law's hospitalization for psychiatric disorders. This situation placed a terrible strain on both my personal life and professional activities." He conceded that when the situation was reconciled and he began building his practice, he placed other matters above completing this brief.

A hearing panel of the District X Ethics Committee for Morris County took testimony on this complaint on February 22, 1979. Respondent stated that when he was assigned this appellate brief by the Public Defender's office, he was associated with a law firm. He left that firm in October 1976 and became a sole practitioner. He said that he did not have time to work on the brief because he was trying to build his new practice and had serious personal problems. The appellate brief kept getting put aside as other matters came in. He acknowledged that he had no excuse for this. Concerning the March 20, 1978 incident, Respondent said that he had been on vacation in Florida between March 3 and 19, 1978 and his then secretary had not advised him of the Order or of the telephone calls pertaining to it. He said he learned of the March 20 hearing that afternoon when he received a telephone call from the Public Defender's office which informed him that the appellate panel relieved him as counsel and that he should return the transcripts to the Public Defender's office. Based on this telephone call, he did nothing further regarding this matter.

The Ethics Committee Panel concluded that assuming Respondent's statement was true as to his emotional state, he was under an ethical obligation to petition to withdraw as assigned counsel so that the appeal could be pursued on behalf of the appellant, who was incarcerated, in a timely manner. The panel found it "curious" that Respondent's secretary did not inform Respondent of the motion or the Appellate Division that Respondent was on vacation. It found that Respondent was untimely in his response to a letter of the Division of Ethics and Professional Services and that he had failed to respond to correspondence from a member of the District X Ethics Committee.

The panel finds that Respondent has demonstrated a cavalier attitude toward the Appellate Division, the Central Ethics Division of the Administrative Office of the Courts and of the District X Ethics Committee.

The Committee concluded that Respondent had violated *DR* 1–102(A)(1), (5) and (6) and *DR* 7–101(A)(1), (2) and (3).

The panel report was filed with the Secretary to the Committee on or about May 29, 1979. Due to apparent administrative oversight by the Committee Secretary, the report was never timely transmitted to Trenton. The existence of the unfiled presentment was discovered on January 21, 1984. A hearing before this Board was scheduled promptly thereafter.

### CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusion of the Committee in finding Respondent guilty of unethical conduct is fully supported by clear and convincing evidence.

When Respondent accepted the assignment from the Office of the Public Defender to prepare an appellate brief on behalf of Ruben S. Rodriguez in the appeal of his criminal conviction, he accepted Rodriguez as his client. As such, he owed a duty to pursue diligently the interests of his client. See *In re Goldstaub*, 90 *N.J.* 1, 5 (1982); *DR* 7–101. Respondent was assigned this case on August 24, 1976. Pursuant to *R.*

2:6–11(a), the brief would have been due for filing by October 8, 1976. (There is nothing in the record to indicate that there were any deficiencies which would have delayed this filing date.)

Three times in 1977 Respondent was directed by the Appellate Division to file the brief by a specified date: specifically on June 21, September 21 and November 21. Each time, Respondent failed to comply with the Court's directive. He was fined a total of $175.

About ten months after he had first been directed to appear before the Appellate Division concerning his failure to file the brief, Respondent was again directed to appear before the Court. This fourth hearing was scheduled for March 20, 1978. Respondent did not appear, nor had he notified the Court that he would not appear. At this hearing, the Court relieved Respondent of this assignment and forwarded a transcript of the proceedings to DEPS. When Respondent learned later that day what action the Court had taken, he did nothing. Respondent sought to excuse his nonappearance before the Court on March 20, 1978 by stating that he had been on vacation the two weeks prior to this date. An attorney is obligated to establish an office procedure so that both he and his clients are kept informed of pending matters. See *In re Palmieri*, 75 *N.J.* 488, 489 (1978). Respondent's misconduct occurred long before March of 1978 when he repeatedly failed to timely file an appellate brief in a criminal case after agreeing that he would do so.

His excuse of lack of experience with the appellate court system also has no merit. Respondent, who had been admitted to the Bar in 1974, had been a member of the Public Defender's staff and associated with a law firm before going into the sole practice of law in 1976.

The Board finds that Respondent's conduct before the Court in not filing the appellate brief, especially after four

notices, to be an affront to the Court. There can be no excuse for this. A lack of familiarity with appellate court procedures is not an excuse. *Miraph Ent, Inc. v. Bd. of Alco. Bev., Paterson,* 150 *N.J.Super.* 504, 508 (App.Div.1977). The applicable rules are clear and unambiguous. If Respondent had encountered difficulties, personal or business, the proper procedure for him to have followed would either be a motion to the court for an extension of time, *R.* 2:4–4, or a motion to be relieved of the assignment. As an officer of the court, Respondent was duty bound to comply with the court orders. His repeated failure to comply or to take appropriate action to be relieved as counsel was unprofessional.

Not only was Respondent discourteous to the court, he acted with the same attitude toward the DEPS by failing to timely file a response to a letter inquiring into this matter. He also failed to respond to two letters from a member of the District X Ethics Committee investigating this complaint. Disrespect to an Ethics Committee agent constitutes disrespect to the Supreme Court because the Committee is an arm of the Court. *In re Grinchis,* 75 *N.J.* 495, 496 (1978).

The Board finds that Respondent's conduct cannot be countenanced. He failed to seek the objective of his client, *DR* 7–101(A)(1), and failed to carry out his contract of employment, *DR* 7–101(A)(2). His failure to act timely on his client's appeal was prejudicial to his client, *DR* 7–101(A)(3), regardless of the final outcome of that appeal. His lack of respect to the Court constituted conduct that was prejudicial to the administration of justice, *DR* 1–102(A)(5), and adversely reflected on his fitness to practice law, *DR* 1–102(A)(6). He further violated *DR* 1–102(A)(1) by engaging in conduct that violated a disciplinary rule.

This Board is cognizant that the act of misconduct occurred about seven years ago. While the matter was heard by the Ethics Committee in 1979, through administrative inadvertence, the file was not forwarded to the Office of Attorney Ethics

until early this year. "[T]he public interest in proper and prompt discipline is necessarily and irretrivably diluted by the passage of time." *In re Verdiramo*, 96 *N.J.* 183, 187 (1984).

During this passage of time, no new complaints have been filed against Respondent. Other mitigating factors considered by the Board were Respondent's contrition and admission of improper conduct. *In re Rosenthal*, 90 *N.J.* 12, 17 (1982); *In re Horan*, 78 *N.J.* 244, 247 (1978).

In view of the circumstances in this case, the Board concludes that the interest of the public and of the legal profession will be adequately served by a public reprimand. "The severity of discipline to be imposed must comport with the seriousness of the ethical infractions in light of all the relevant circumstances." *In re Nigohosian*, 88 *N.J.* 308, 315 (1982).

The Board further recommends that Respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.