IN THE MATTER OF JEFFREY B. SMITH, AN
ATTORNEY AT LAW.

January 28, 1986.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that JEFFREY B. SMITH, formerly of MOUNT HOLLY, who was admitted to the Bar of this State in 1975, be suspended from the practice of law for a period of three months for his violation of *DR* 6–101(A)(1), gross negligence, and *DR* 7–101(A)(2), failing to carry out a contract of employment, and good cause appearing;

It is ORDERED that the findings of the Disciplinary Review Board are hereby adopted and respondent is suspended from the practice of law for a period of three months, effective immediately, and until further order of this Court; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of the matter, be added as a permanent part of the file of said JEFFREY B. SMITH as an attorney at law of the State of New Jersey; and it is further

ORDERED that JEFFREY B. SMITH be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended, disbarred or resigned attorneys; and it is further

ORDERED that JEFFREY B. SMITH reimburse the Ethics Financial Committee for appropriate administrative costs.

## APPENDIX

*Decision and Recommendation of the Disciplinary Review Board.*

This matter is before the Board based upon a presentment filed by the District III–A (Ocean County) Ethics Committee. The Board makes the following findings of fact:

On May 6, 1982, Respondent was retained by Margaret A. Fuchs to represent her as executrix of her mother's estate. At this time, Respondent was a solo practitioner working out of his home with no secretarial staff. Respondent opened a bank account for the estate and had the will probated. Respondent met with Mrs. Fuchs in July 1982 to review the assets of the estate. Respondent told her that he expected to complete the estate, which was not complicated, within three to four months.

Mrs. Fuchs telephoned Respondent in November 1982 to inquire about the status of the case. Although her telephone calls were received by members of Respondent's family and messages taken, Respondent did not return the calls. Respondent had moved from his home. He had received some of the messages, but failed to respond. By then, Respondent had become associated with a law firm. Sometime in mid-December 1982, Mrs. Fuchs finally spoke with Respondent. He advised her that the estate was in the process of being settled and would be completed by early 1983. From the end of December 1982 until mid-March 1983, Mrs. Fuchs was unsuccessful in contacting Respondent. She then consulted another attorney. That attorney wrote Respondent on March 25, 1983 requesting Respondent to forward the file to him. Respondent also was advised that Mrs. Fuchs had had difficulty in attempting to reach him. Respondent was given her address and telephone

number so he could communicate with her.  Respondent did not recall receiving this letter.  Sometime in April 1983, Mrs. Fuchs' new attorney contacted Respondent who promised to forward the file.  The attorney believed Respondent stated he had filed the State Inheritance Tax Return for the estate.  By letter dated May 23, 1983, Mrs. Fuchs' attorney informed Respondent he had not received the promised copies of the Inheritance Tax Return.  The letter further stated that Mrs. Fuchs intended to file a grievance with the District Ethics Committee, but would await Respondent's reply to the letter. Respondent, apparently, could not locate the file, but he failed to so inform Mrs. Fuchs' attorney.  Her attorney re-created the file and filed all the necessary papers.  He was never able to determine if the Inheritance Tax Return had been filed.  The tax return was due on December 2, 1983.  As a result of the late filing, the estate was penalized $101.95 in interest.

By letter dated June 16, 1983, Mrs. Fuchs asked the District Ethics Committee for assistance to recover her file from Respondent.  Respondent did not reply to the Committee's letters of August 15, September 2 and 16 and December 12, 1983.  A formal ethics complaint was filed against Respondent on May 9, 1984.  At the Ethics Committee hearing, Respondent conceded that he had not properly handled the estate.  He offered no excuse or defense for his inaction.  Respondent expressed remorse for his conduct.  The Committee concluded Respondent's conduct was unethical and violated DR 6–101(A)(1), DR 7–101(A)(2), and DR 1–103(B).  The Committee recommended that Respondent be publicly disciplined.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusions of the District Ethics Committee in finding unethical conduct on the part of Respondent are fully supported by clear and convincing evidence.

■ When Respondent was retained by Mrs. Fuchs, he owed her a duty to pursue her interests diligently.  See *Matter of*

*Schwartz,* 99 *N.J.* 510, 518 (1985); *Matter of Haft,* 98 *N.J.* 1, 7 (1984); *In re Goldstaub,* 90 *N.J.* 1, 5 (1982). Respondent admits, and the record corroborates, that he disregarded his obligation to his client. Her repeated telephone calls to him went unanswered. As a result of Respondent's neglect, his client was required to retain the services of another attorney and the estate suffered an interest penalty. The Board finds Respondent was negligent in handling the estate, which constituted gross negligence, *DR* 6–101(A)(1), and failed to carry out a contract of employment, *DR* 7–101(A)(2).

■ Of grave concern to the Board is Respondent's failure to cooperate with the District Ethics Committee when it investigated the complaint against him. Respondent not only failed to reply to numerous letters sent to him before the formal complaint was filed, but, also, failed to file an answer to the complaint. An attorney is obligated to cooperate with a District Ethics Committee. *In re Gavel,* 22 *N.J.* 248, 263 (1956). Respondent's disrespect to an Ethics Committee, an arm of the Court, constitutes disrespect to the Supreme Court. *In re Grinchis,* 75 *N.J.* 495, 496 (1978).

The Board is also disturbed by Respondent's office procedure. Respondent failed to appear at the first scheduled hearing before the Board. He was several hours late when this matter was finally heard. Although his office received notice of the hearing, Respondent claimed he was not aware of it until he was telephoned that morning. His failure to appear on time is the reason a member of the District Ethics Committee was not present at the hearing. "An attorney is obligated to establish an office procedure so that both he and his clients are kept informed of pending matters." *Matter of Haft, supra,* 98 *N.J.* at 7; *In re Palmieri,* 75 *N.J.* 488, 489 (1978).

■ "The severity of discipline to be imposed must comport with the seriousness of the ethical infractions in light of all the relevant circumstances." *In re Nigohosian,* 88 *N.J.* 308, 315 (1982). Protection of the public and not punishment is the goal

in disciplinary matters. *In the Matter of Goldstein,* 97 *N.J.* 545, 548 (1984); *In re Infinito,* 94 *N.J.* 50, 57 (1983). Mitigating factors are relevant. *In re Hughes,* 90 *N.J.* 32, 36 (1982). Admission of wrongdoing is a mitigating factor. *Matter of Haft,* 98 *N.J.* 1, 9 (1984); *In re Rosenthal,* 90 *N.J.* 12, 17 (1982).

In mitigation, the Board considered that Respondent has no prior disciplinary record since his admission to the Bar in 1975. He candidly admitted his misconduct and expressed remorse for his actions. This appears to be a single incident and not part of a pattern of neglect. Respondent's lack of diligence, moreover, caused a client to sustain injury by way of a penalty for the late filing of the State Inheritance Tax Return. This misconduct reflected adversely on the integrity of the Bar. Respondent's conduct, however, is aggravated by his failure to cooperate with the District Ethics Committee and this Board.

Respondent's cavalier disregard of his ethical responsibilities not only to his client but to his profession cannot be countenanced. The Board unanimously concludes that the interest of the public and legal profession will be properly served by suspending Respondent from the practice of law for three (3) months. See *Matter of Schwartz, supra,* 99 *N.J.* 510.

The Board further recommends Respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.