IN THE MATTER OF HARRY J. ROBINOVITZ, AN ATTORNEY AT LAW.

March 18, 1986.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that HARRY J. ROBINOVITZ, of SOMERVILLE, who was admitted to the Bar of this State in 1939, be deemed eligible to apply for restoration to the practice of law, subject to certain conditions, and good cause appearing;

It is ORDERED that the findings of the Disciplinary Review Board are hereby adopted; and it is further

ORDERED that HARRY J. ROBINOVITZ may make application for restoration to the practice of law subject to his presentation of medical evidence that he is physically and mentally competent to practice law and subject further to the Disciplinary Review Board's approval of an attorney or law firm who will supervise daily respondent's practice for a period of one year and until further order of this Court; and it is further

ORDERED that the April 2, 1979, Order of this Court suspending HARRY R. ROBINOVITZ shall remain in effect until further order of this Court; and it is further

ORDERED that respondent shall continue to comply with Administrative Guideline No. 23 of the Office of Attorney Ethics; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of the matter, be added as a permanent part of the file of said HARRY J. ROBINOVITZ as an attorney at law of the State of New Jersey; and it is further

ORDERED that HARRY J. ROBINOVITZ reimburse the Ethics Financial Committee for appropriate administrative costs.

### Decision and Recommendation of the Disciplinary Review Board

This matter is before the Board based on a stipulated presentment filed by the Office of Attorney Ethics. The stipulation, signed by the parties on September 24, 1984, provides as follows:

THIS STIPULATION IS MADE AND ENTERED INTO BETWEEN Harry J. Robinovitz, the Respondent, and Richard J. Engelhardt, Counsel to Director, Office of Attorney Ethics.

WHEREAS, a formal ethic [sic] complaint was filed against respondent on November 14, 1979 * bringing into question the propriety of respondent's record

---

*ethics complaint references omitted

keeping procedures as well as his alleged failure to fully carry out contracts of employment, communicate with and account to various clients in certain matters in which he was retained, and

WHEREAS, respondent has admitted to derelictions in this regard, and

WHEREAS, the parties desire to enter into a stipulation of facts in lieu of testimony in order to facilitate the orderly disposition of this matter,

NOW, THEREFORE, the parties do hereby stipulate that;

1. Harry J. Robinovitz is an attorney-at-law of the State of New Jersey, admitted to the practice in 1939. His present mailing address is P.O. Box 398, Somerville, New Jersey 08876.

2. By Order of the Supreme Court of New Jersey dated April 2, 1979, respondent was temporarily suspended from the practice of law; this suspension remains in effect to this date.

3. From 1976 until the time of his suspension in April 1979, respondent failed to maintain proper attorney financial records as required by *R.* 1:21-6.*

4. Although requested by Central Ethics to produce his attorney records for audit in May 1979, respondent failed to do so.*

5. Respondent failed to notify all clients of his temporary suspension as required by Regulation 13 of the Disciplinary Review Board.*

6. Respondent failed to file, with the Court, the Affidavit of Compliance required of all suspended attorneys.*

7. After being retained by Mrs. Kenneth Jinotti in February 1978 regarding the possible prosecution of an appeal following an adverse verdict in a medical malpractice case, respondent failed to keep his client advised as to the status of the matter, failed to file a Notice of Appeal on her behalf and failed to promptly notify her of his intention not to do so to afford her time to retain other counsel to prosecute the appeal.*

8. Respondent failed to provide a full accounting of all costs charged to Mrs. Dorothy Harrison, client in a 1978 real estate closing, although requested to do so, and failed to record the deed involved until one full year after the closing.*

9. In or about March 1978, respondent issued a $600 trust check payable to Jacob M. Deutsch, knowing full well that the account upon which the check was issued did not contain sufficient funds for the check to clear. The check was thereafter presented for payment by Mr. Deutsch, and was dishonored due to "insufficent [sic] funds." *

10. Respondent failed to comply with the order of the Honorable Morton A. Greenberg, that he provide an accounting of all monies received on behalf of his client in the case of *Goldin v Somerset Studies.*

11. Respondent failed to take adequate action on behalf of and fully keep the following clients fully apprised as to the status of their matters; Dominick Zarro ..., Linda Maj ..., Patrick Loprete ..., Mike Healey ..., and Theresa Jackson.*

12. By entering into this stipulation and admitting violations of the attorneys' Code of Professional Responsibility for which a private reprimand would not constitute adequate discipline, *i.e. DR* 1-102(A)(5) and *DR* 6-101(A)(1) and (2),

*DR* 7–101(A)(2) and *DR* 9–102, respondent does hereby waive his right to formal hearing and disposition by a district ethics committee under *R.* 1:20–3(1) and (n). The respondent does not hereby relinquish his right to appear at a hearing before the Disciplinary Review Board and present an argument in mitigation of the admitted violations. Nor does this stipulation serve to waive respondent's right to appear before the Board to argue that the five and one-half year suspension which respondent has been subjected to constitutes adequate discipline for the ethical violations which he has committed.

13. It is understood that, other than in the instant ethics proceeding, this stipulation is not to be utilized as evidence in any proceeding, whether civil or criminal, nor shall it be deemed to be an admission of any wrongdoing on the part of respondent in any such proceeding.

By letter dated December 28, 1984 this Board remanded the presentment to the District Ethics Committee for hearing. The Committee was informed that the

hearing should address whether Mr. Robinovitz made an intelligent and informed decision when he signed the stipulation. The hearing should also allow Mr. Robinovitz to introduce relevant evidence in mitigation of his conduct and should further inquire, as appropriate, into his general fitness to practice law at this time.

Respondent was psychiatrically examined on February 5, 1985 to determine his competency to sign the stipulation. The psychiatrist concluded that Respondent was mentally competent to agree to the stipulation. The Ethics Committee conducted a hearing on June 6, 1985. Respondent stated that he had voluntarily signed the stipulation and that he agreed with the facts contained therein.

## CONCLUSION AND RECOMMENDATION

Upon a review of the stipulated record, the Board finds by clear and convincing evidence that Respondent committed unethical conduct. As a general rule, the parties are held to their stipulations and the consequences thereof, *Negrotti v. Negrotti,* 98 *N.J.* 428, 432 (1985), and a reviewing agency is bound by the stipulated facts. See *Hartford Fire Ins. Co. v. Riefolo Const. Co. Inc.,* 81 *N.J.* 514, 523, (1980).

Respondent was temporarily suspended in 1979 for failing to answer ethics complaints then pending against him and

failing to produce his attorney books and records. To date he has never filed the required answers and never produced his records. What emerges. from the conduct of his practice is a pattern of abandonment of clients, casting adrift of professional responsibilities, neglect of practice, violations of fundamental disciplinary rules governing the practice of law, and contumacious and repeated failure to co-operate with the arm of this Court charged with the enforcement of those disciplinary rules. *In re Netchert,* 78 *N.J.* 445, 453 (1979).

The Board finds that Respondent's record keeping was inadequate and contrary to *R.* 1:21–6, *DR* 9–102. Respondent failed to carry out contracts of employment, *DR* 7–102(A)(2). His failure to properly represent his clients and failure to communicate with them constituted gross negligence, *DR* 6–101(A)(1), and a pattern of negligence, *DR* 6–102(A)(2). Respondent's conduct was prejudicial to the administration of justice, *DR* 1–102(A)(5). See *Matter of Getchius,* 88 *N.J.* 269, 276 (1982); *In re Palmieri,* 75 *N.J.* 488, 489 (1978). Respondent's "transgressions reflect on the competency and integrity of entire Bar." *In re Barry* 90 *N.J.* 286, 291 (1982).

The purpose of discipline is not to punish the offender but to protect the public from the attorney who does not meet the standards of responsibility of his profession. *In re Goldstaub,* 90 *N.J.* 1, 5 (1982). Mitigating factors are relevant in determining the appropriate discipline. See *In re Hughes* 90 *N.J.* 32, 36 (1982). By entering into the stipulation, Respondent has acknowledged that his conduct was improper. Admission of wrongdoing is a mitigating factor. *In re Rosenthal,* 90 *N.J.* 12, 17 (1982).

Under the circumstances presented, a seven-member majority of the Board recommends that the length of Respondent's temporary suspension, over six years, be deemed appropriate discipline. See *Matter of Templeton,* 99 *N.J.* 365, 376 (1985). Although Respondent has been a member of the Bar since 1939, he did not actively practice law until the mid 1970's. Respondent's history of client neglect and disregard of his professional responsibilities raise grave concerns over the propriety of his

unsupervised return to the practice of law. The Board, therefore, recommends that if Respondent's license to practice is restored that he be required to practice for at least one year under the daily supervision of another attorney or law firm to be approved by this Board. See *In re Stern,* 92 *N.J.* 611, 621 (1983). The Board majority further recommends that Respondent be psychiatrically examined to determine that he is mentally competent to practice law. Two members of the Board would continue Respondent's suspension indefinitely.

The Board further recommends that Respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.