IN THE MATTER OF GEORGE S. SKOKOS, AN
ATTORNEY AT LAW.

November 15, 1988.

## ORDER

The Disciplinary Review Board having filed a report with the
Supreme Court recommending that GEORGE S. SKOKOS of
ASBURY PARK, who was admitted to the Bar of this State in
1945, be publicly disciplined for his failure to cooperate with the
District IX Ethics Committee in its investigation of a complaint
against him, and good cause appearing;

It is ORDERED that GEORGE S. SKOKOS show cause
before this Court on Tuesday, January 3, 1989, at 2:00 p.m. in

the Supreme Court Courtroom, Hughes Justice Complex, Trenton, New Jersey, why he should not be immediately temporarily suspended from the practice of law pending the ethics committee's disposition on the merits of the underlying complaint against him; and it is further

ORDERED that David E. Johnson, Jr., Esquire, or his designee, present this matter to the Court; and it is further

ORDERED that respondent shall serve an original and eight copies of his brief with the Clerk of this Court by December 12, 1988, and the Office of Attorney Ethics shall serve and file an original and eight copies of its response, if any, by December 27, 1988.

WITNESS, the Honorable Robert L. Clifford, Presiding Justice, at Trenton, this 15th day of November, 1988.

### APPENDIX

*Report and Recommendation of the*
*Disciplinary Review Board*

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey.

This matter is before the Board based upon a presentment filed by the District IX (Monmouth County) Ethics Committee.

About September 1980, respondent was retained by Margaret S.G. Whitford for the purpose of representing the estate of the late Edith Pugh. Ms. Pugh had died on July 29, 1980, leaving a will naming her niece, Ms. Whitford, as executrix.

The initial probate of the estate proceeded smoothly. An inventory was conducted. Decedent's home in Asbury Park as well as her interest in some property in England were sold. However, two problems ultimately developed. First, although respondent deposited the sum of $7,000 with the Inheritance Tax Bureau to avoid the running of any additional interest or penalties, he never filed an inheritance tax return. Second, at the closing on decedent's Asbury Park home, respondent de-

ducted $3,000 as his fee without first submitting an itemized bill or securing his client's consent to the deduction.

When Ms. Whitford's repeated attempts to discuss these problems with respondent proved futile, she retained new counsel. The new attorney twice requested information concerning Ms. Whitford's matter. On each occasion, respondent indicated that the inheritance tax return would soon be filed. When it became apparent that the tax return had not been filed, the attorney made repeated demands for a return of the $3,000 respondent had kept as his fee. The money was never forthcoming. Consequently, on September 23, 1982, the attorney filed a letter of complaint with the District IX Ethics Committee.

Upon receipt, the committee notified respondent of the letter and requested a reply. When no response was received, a member of the committee was assigned to investigate the matter. The investigator was unable to complete his investigation due to a lack of cooperation from respondent. On January 30, 1984, a formal complaint against respondent was filed by the committee. No answer was filed. A hearing was scheduled for September 12, 1984, and notice of same was sent to respondent. Respondent failed to appear.

The committee determined that "without respondent's cooperation it is impossible to determine if there was any unethical conduct involved in the handling of the Edith Pugh Estate." However, the committee found that the lack of cooperation in itself constituted a violation of *R.* 1:20-2(j) and *RPC* 8.1(b).[1]

The committee therefore determined that this matter be presented to the Board.

## CONCLUSION AND RECOMMENDATION

Upon review of the full record, the Board is satisfied that the conclusions of the committee in finding respondent guilty of

---

[1]*R.* 1:20-2(j) is currently denominated as *R.* 1:20-3(i).

unethical conduct are fully supported by clear and convincing evidence.

Respondent failed to communicate and cooperate with the ethics committee. He did not reply to the informal request for information or cooperate with the investigator assigned to this matter. Moreover, he failed to file an answer to the formal complaint and did not appear at the hearing convened on September 12, 1984. Such conduct constitutes disrespect to the Supreme Court and the ethics system. *Matter of Winberry*, 101 *N.J.* 557, 566 (1986); *Matter of Rogovoy*, 100 *N.J.* 556, 564 (1985); *In re Grinchis*, 75 *N.J.* 495, 496 (1978). An attorney is obligated to cooperate with the ethics procedure. *Matter of Templin*, 101 *N.J.* 337, 341 (1985); *In re Gavel*, 22 *N.J.* 248, 263 (1956). The Board finds respondent's conduct unethical and in violation of *DR* 1–102(A)(5) and (6) and *RPC* 8.1(b).[2]

Nonetheless, the purpose of disciplinary proceedings is not the punishment of the offender but "protection of the public against the attorney who cannot or will not measure up to the high standards of responsibility required of every member of the profession." *Matter of Getchius*, 88 *N.J.* 269, 276 (1982), citing *In re Stout*, 75 *N.J.* 321, 325 (1978). Factors in mitigation are relevant. *In re Infinito*, 94 *N.J.* 50, 57 (1983).

Respondent appeared before the Board with counsel. He stated by way of explanation for his lack of cooperation that he believed there was first to be a fee arbitration hearing on the matter but that he never received notice thereof. (A district fee arbitration file was apparently opened on October 27, 1982 under Docket No. 1X–82–27F. The disposition thereof is unknown.) He further advised he was unaware of the date of the ethics hearing due to "some mix-up with my secretary" and therefore did not attend. He acknowledged that he did nothing

---

[2]Respondent's conduct occurred prior and subsequent to September 10, 1984, the effective date for the *Rules of Professional Conduct*. Therefore, both the *Disciplinary Rules* and *Rules of Professional Conduct* apply.

after he received the panel report and apologized for his inattention.

In determining the appropriate discipline in this matter, the Board notes respondent was admitted to the Bar in 1945. He has no record of prior discipline and there are no ethics complaints currently pending against him. Respondent further admits he made a mistake and exercised poor judgment in his dealings with the ethics committee. Accordingly, the Board unanimously recommends that respondent be publicly reprimanded. One member did not participate.

The Board further recommends respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.