IN THE MATTER OF ERNEST R. COSTANZO, AN ATTORNEY AT LAW.

Decided June 13, 1989.

Decision and Recommendation of the
Disciplinary Review Board

This matter is before the Board based upon a recommendation for a private reprimand filed by the District IV (Camden County) Ethics Committee, which the Board determined to hear as a presentment.

On September 8, 1981, James Manzi was involved in an automobile accident. Approximately one week later, Manzi consulted with respondent about a traffic ticket that Manzi received and about damage to his automobile caused by the accident.

In December 1981, respondent represented Manzi in Bellmawr Municipal Court in connection with the traffic ticket. Manzi was found not guilty of inattentive driving.

On July 28, 1982, Manzi paid respondent $150 to pursue a claim for damages to his automobile. Respondent thereafter told Manzi that he was having difficulty bringing the case to court, but that Manzi would have his "day in court." When Manzi eventually became concerned about the status of his case, he began to telephone respondent's home to determine whether it was proceeding apace. He was unable to reach respondent, despite numerous messages left with respondent's parents.

On September 28, 1983, respondent filed a civil complaint in Camden County District Court, seeking $2,000 in damages resulting from the accident. The complaint, however, was returned to respondent because the address of the out-of-state defendant was insufficient for service. Manzi was never informed of the filing of the complaint or the status of his civil claim. Respondent was in the process of closing his law office when he filed the complaint and admitted that he was not in proper communication with Manzi. Respondent was aware that

Manzi was attempting to reach him, but did not communicate with Manzi after the complaint was returned for insufficient address.

Frustrated with his unsuccessful attempts to learn the status of his claim, in March 1985 Manzi submitted a grievance letter to the ethics committee. Subsequently, the Office of Attorney Ethics discovered that respondent was ineligible to practice law during 1984 and 1985 because of his failure to pay his annual registration fee to the Clients' Security Fund.

On October 18, 1985, an investigator of the Office of Attorney Ethics (OAE) telephoned respondent, representing himself as a prospective client. The investigator made an appointment with respondent to discuss the preparation of a last will and testament. They met at respondent's residence in Bellmawr, New Jersey. There was no sign identifying the residence as a law office. The investigator was taken to a small basement office, where respondent proceeded to take information regarding the will and to inform the investigator that there would be a $50 fee. The investigator subsequently revealed his identity and indicated that respondent was ineligible to practice law until the required payments to the Client's Security Fund for 1984 and 1985 were made. Respondent told the investigator that he had closed his office on E. Browning Road, Bellmawr, in 1982, and that he had no excuse for not making the required payments. In addition, respondent stated that he had no cases or litigation pending and only assisted friends and relatives. The investigator then told respondent that the matter would be considered a warning and that the Office of Attorney Ethics would take further action if respondent continued to practice law while on the ineligible list. Thereafter, respondent made the required Clients' Security Fund payments and became eligible to practice law in November 1985.

Following a hearing, the committee issued a report concluding that respondent had violated *R.* 1:28-2, by offering to

prepare a will while ineligible to practice law, *RPC* 5.5(a),[1] by violating a regulation of a jurisdiction within which respondent practiced, and *DR* 7–101(A)(1) and (2), by his failure to return Manzi's numerous telephone inquiries, failure to communicate with Manzi regarding the status of his lawsuit, and failure to seek the lawful objectives of his client through means available to him. The committee recommended that respondent receive a private reprimand.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusions of the ethics committee in finding respondent guilty of unethical conduct are fully supported by clear and convincing evidence. However, the Board disagrees with the committee's recommendation that respondent be privately reprimanded.

The facts are not in dispute. Respondent admits to a lack of proper communication with Manzi. The only communication from respondent to Manzi concerned difficulties respondent was having in bringing the case to trial. Respondent neither informed Manzi that he had filed a civil complaint on his behalf, nor that the complaint had been returned for lack of service. There is no evidence that respondent made any further effort to advance Manzi's claim. Although aware of Manzi's numerous efforts to contact him, respondent failed to keep him informed of the status of the matter. Respondent also failed to carry out his contract of employment with Manzi, who paid respondent $150 to pursue the claim, and to seek Manzi's lawful objectives through reasonably available means permitted by law. His conduct was unethical and in violation of *DR* 7–101(A)(1) and (2). In addition, respondent practiced law at a time when he was ineligible to do so for failure to pay his annual registration

---

[1]The Disciplinary Rules were replaced by the Rules of Professional Conduct on September 10, 1984. Since respondent's misconduct occurred between 1982 and 1985, both sets of rules are relevant.

fee to the Clients' Security Fund, in violation of *R.* 1:28–2 and *RPC* 5.5(a).

██ The purpose of discipline, however, is not to punish the attorney, but to protect the public from the attorney who does not meet the standards of responsibility of every member of the profession. *Matter of Templeton,* 99 *N.J.* 365, 374 (1985); *In re Goldstaub,* 90 *N.J.* 1, 5 (1982). The quantum of discipline must accord with the seriousness of the misconduct in light of all relevant circumstances. *In re Nigohosian,* 88 *N.J.* 308, 315 (1982).

██ This matter is similar to that of *In re Rosenthal,* 90 *N.J.* 12 (1982), where the respondent/attorney failed to communicate with a client and to serve the complaint. In a second matter, that attorney failed to file a bankruptcy petition and to respond to his client's inquiries. The Court in *Rosenthal* stated that "the failure to prosecute a claim and to communicate with a client warrants public reprimand." [citations omitted]. *In re Rosenthal, supra,* 90 *N.J.* at 17. Here, respondent's conduct is compounded by his violation of *R.* 1:28–2 and *RPC* 5.5(a). Although inadvertent, respondent's failure to pay his annual registration fee does not excuse his unethical behavior. *See Matter of Stein,* 97 *N.J.* 550, 565 (1984).

The Board has considered mitigating factors in arriving at its recommendation. As in *Rosenthal,* respondent's "contrition and ... admission of wrongdoing are mitigating factors in his favor." [citation omitted]. *In re Rosenthal, supra,* 90 *N.J.* at 17. In addition, the Board has considered that respondent was in the process of changing offices during the time of his transgression and that he was coping with family illness. In view of the foregoing, the Board unanimously recommends that respondent be publicly reprimanded. Three members did not participate.

The Board further recommends that respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that ERNEST R. COSTANZO, of BELLMAWR, who was admitted to the Bar of this State in 1974, be publicly reprimanded for his failure to keep his client informed of the status of a matter and his failure to carry out his contract of employment and to seek his client's lawful objectives through reasonably available means, in violation of *DR* 7-101(A)(1) and (2) and for his engaging in the practice of law when he was ineligible to do so, in violation of *R.* 1:28-2 and *RPC* 5.5(a), and good cause appearing;

It is ORDERED that the findings of the Disciplinary Review Board are hereby adopted and respondent is publicly reprimanded; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of the matter, be added as a permanent part of the file of said ERNEST R. COSTANZO, as an attorney at law of the State of New Jersey; and it is further

ORDERED that ERNEST R. COSTANZO reimburse the Ethics Financial Committee for appropriate administrative costs.